IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANYINSON VALOY SALAZAR,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:23-00198

WARDEN, FCI MCDOWELL,

    Defendant.

### MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on September 16, 2025, in which he recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus as moot and dismiss this action from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff filed objections to the PF&R and defendant responded to those objections.

At the time he filed his petition, on January 24, 2023, Salazar was an inmate at Federal Correctional Institution McDowell.  See ECF No. 1.  He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that he has been unlawfully denied "earned time credits" under the First Step Act of 2018 ("FSA") because of uncertainties with his immigration status.  See id.  In response to the petition, on July 19, 2023, defendant asserted that plaintiff was not being denied credits due to his immigration status and that the Bureau of Prisons had recalculated his sentence to include 300 days of earned time credits.  This recalculation led to an updated projected release date of February 23, 2025.

Relying on the foregoing, more than two years later, the PF&R recommended that plaintiff's petition be dismissed as moot as there was no further relief the court could provide.  The PF&R did note, however, that plaintiff's BOP projected release date had been changed to January 30, 2026.

In his objections, plaintiff complained that he did not receive those 300 days of earned time credits.  Defendant's response to the objections confirmed as much.  On August 14, 2024, after its original response had been filed, the BOP was informed

−2−

that a final order of removal had been entered against Salazar.

Therefore, Salazar was not eligible for application of earned time

credits under the FSA because he had a final order of removal

against him under the immigration laws of the United States.  See

18 U.S.C. § 3632(d)(4)(E)(i).  The removal of good time credits

presumably was the reason, at least in part, for the change in

Salazar's release date from February 23, 2025, to January 30,

2026.

To be sure, the PF&R relied upon out-of-date information and

was, therefore, incorrect.  However, Salazar was released from

custody on January 30, 2026.  See BOP Inmate Locator,

https://www.bop.gov/inmateloc/(searched by inmate number) (last

visited March 16, 2026).  For this reason, his petition should

still be dismissed as moot.

> Article III limits a federal court's jurisdiction to "Cases" or "Controversies."  U.S. Const. art. III, § 2.  But whether a suit is a "case" or "controversy" is not measured solely at the time the litigation began; instead, "an actual controversy must be extant at all stages of review."  Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  The doctrine of mootness establishes that federal courts lack jurisdiction "[w]hen a case or controversy ceases to exist—either due to a change in the facts or the law."  Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017).  And a case or controversy ceases to exist "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Loc. 1000, 567 U.S. 298, 307 (2012) (internal quotations omitted).

Lopez-Sorto v. Garland, 103 F.4th 242, 248 (4th Cir. 2024);

–3–

Plymail v. Mirandy, 8 F.4th 308, 314-15 (4th Cir. 2021) ("A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.")(internal quotations omitted).

"'[E]ffectual relief'" . . . turns on what relief the party is seeking." Lopez-Sorto, 103 F.4th at 248. "In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody challenged, without collateral consequences." Gross v. Unknown, Civil Action No. 7:22cv00688, 2023 WL 3026734, at *1 (W.D. Va. Apr. 20, 2023); see also Lara v. Lefever, Case No. 1:22-cv-00588, 2023 WL 4782668, at *2 (S.D.W. Va. May 5, 2023), report and recommendation adopted, 2023 WL 4770116 (S.D.W. Va. July 26, 2023) ("[W]hen a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy."). "Two exceptions to the mootness doctrine have evolved: (1) collateral consequences; and (2) capable of repetition, yet evading review." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (internal quotations omitted).

Dismissal of plaintiff's application as moot is appropriate because plaintiff has already been released from his term of

incarceration.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (concluding a claim becomes moot where "an event occurs that makes it impossible to grant any effectual relief to plaintiff"); Wallace v. Jarvis, 423 F. App'x 328, 2011 WL 1355195, *1 (4th Cir. Apr. 11, 2011) ("While Wallace challenges the calculation of his release date, he has been released from custody, and he does not allege any collateral consequences that would warrant relief."); Evora v. Johnson, Civil Action No. 3:09CV91-HEH, 2009 WL 1437592, *1 (E.D. Va. May 21, 2009) (dismissing as moot habeas petition where, having been released from custody, petitioner did not "attempt to demonstrate that the allegedly incorrect calculation [of time he was required to serve] inflicted any collateral consequences upon him").  Furthermore, plaintiff does not allege and the record does not reflect that he faces collateral consequences.  Nor does it appear that the issues presented in Salazar's petition are capable of repetition yet evading review.

Accordingly, because no case or controversy presently exists in this case and no exception to the mootness doctrine applies, the court hereby **DISMISSES** as moot plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 24th day of March, 2026.

ENTER:

David A. Faber
Senior United States District Judge

—6—